IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MATT DELANO, MITCHELL GOODSON, TIM HINEFELT, TOM BANCROFT, and all persons similarly situated<br><br>        Plaintiffs,<br><br>    vs.<br><br>MASTEC, INC. and MASTEC NORTH AMERICA, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 8:10-CV-320-JDW-MAP |

**DEFENDANTS' MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS AND INCORPORATED BRIEF IN SUPPORT**

**I.    INTRODUCTION**

Defendants MasTec, Inc. and MasTec North America, Inc. (collectively "MasTec")[1] submit this motion and brief in support of this motion to compel Plaintiffs Mitchell Goodson and Tom Bancroft ("Plaintiffs") to arbitrate their claims on an individual basis.  In 2008, Plaintiffs entered into an agreement with MasTec that required "disputes that have not otherwise been resolved to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial" (*See* The "Dispute Resolution Policy")[2].  Plaintiffs also agreed to waive the right to have their claims brought, heard or arbitrated as a class or collective action.  (*Id.*) After their employment ended, Plaintiffs brought suit against MasTec.  Each claim in the suit

---

[1] Plaintiffs improperly name MasTec, Inc. and MasTec North America, Inc. as Defendants in their Complaint.  Plaintiffs were employed by MasTec Services Company, Inc., during the relevant time period.  As a result, MasTec, Inc. and MasTec North America, Inc. should be dismissed from this case.

contains allegations covered by the Dispute Resolution Policy, including "the employment relationship," "compensation," "termination," and the "Fair Labor Standards Act." In addition, Plaintiffs styled their case as a class or collective action. Now, after being sued by Plaintiffs, MasTec seeks to enforce the Dispute Resolution Policy that Plaintiffs voluntarily entered, and Plaintiffs resist.

The Court should enforce the Dispute Resolution Policy and require that Plaintiffs proceed with their dispute against Defendants in arbitration on an individual basis. The Dispute Resolution Policy is valid and enforceable under applicable law. Thus, Defendants file this Motion to Compel Arbitration and Stay Proceedings, requesting that the Court (1) order Plaintiffs to pursue their claims contained in the Complaint in an arbitral forum on an individual basis within 30 days, if at all, and (2) stay this litigation with regard to Plaintiffs until binding arbitration has concluded.

## II.   FACTUAL AND PROCEDURAL HISTORY

MasTec contracts with DirecTV for the installation of satellite dishes, satellite receivers, and related equipment necessary for receiving satellite signals from DirecTV. MasTec employs satellite service technicians for these installation projects. Plaintiffs Goodson and Bancroft were employed in this capacity with MasTec.

In 2008, Plaintiffs signed a receipt form acknowledging that they reviewed and would abide by MasTec's Dispute Resolution Policy if they did not voluntarily opt-out of the Dispute Resolution Policy within 30 days of receiving the employee handbook containing the Dispute Resolution Policy.[3]  Neither Goodson nor Bancroft opted-out of the policy within the 30 day

---

[2] The Dispute Resolution Policy is attached hereto as Exhibit A.
[3] Plaintiffs' acknowledgement forms are attached hereto as Exhibit B.

period.  Plaintiffs terminated their employment with MasTec in August 2009 and September 2009 respectively.

Subsequently, on January 29, 2010, Plaintiffs Goodson and Bancroft, along with two other named plaintiffs, filed the instant case in this Court.  The Complaint alleges MasTec violated the Fair Labor Standards Act by failing to pay Plaintiffs for all hours worked over forty (40) in a work week.  In addition, Plaintiffs styled the case as a collective action by filing on behalf of themselves and "persons similarly situated."

Plaintiffs served the Complaint on the Defendants on February 15, 2010.  On February 23, 2010, Defendants notified Plaintiffs' counsel of the parties' agreement to arbitrate.  Defendants filed their Answer to the Complaint on March 8, 2010.  The parties continued to discuss and exchange numerous emails regarding the enforceability of the parties' dispute resolution policy.  Plaintiffs' counsel ultimately informed Defendants that Plaintiffs would not voluntarily submit their claims to arbitration.  The parties held the mandatory Rule 26(f) conference on Wednesday, April 28, 2010 but have not yet filed initial disclosures or engaged in discovery.  During the Rule 26(f) conference, counsel for the parties discussed the dispute resolution policy and Defendants' intent to file a motion to compel arbitration with regard to Plaintiffs' claims.

## III.   ARGUMENT AND CITATION OF AUTHORITY

The "validity of an arbitration agreement is generally governed by the Federal Arbitration Act ("FAA")."  *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005).  The FAA states that arbitration contracts are presumptively "valid, irrevocable, and enforceable."  9 U.S.C.A. § 2.  The U.S. Supreme Court has noted that the FAA reflects "a liberal federal policy favoring arbitration agreements."  *Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp.*,

460 U.S. 1, 24 (1983). Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id*. at 24-25.

"The FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable "under ordinary state-law" contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008). Defendants can establish, as explained below, that the agreement is enforceable under Florida law and that the claims fall within the scope of the agreement, therefore, Defendants' Motion to Compel Arbitration and Stay Proceedings should be granted.

**A.    The Dispute Resolution Policy Is Enforceable Under Florida Law.**

"An agreement to arbitrate is enforceable under federal and Florida law if: (1) a valid, written agreement to arbitrate exists; (2) an arbitrable issue exists; and (3) the parties have not waived their right to arbitration." *Hudson Global Res. Mgmt. v. Beck,* 8:05-cv-1446-T-27TBM, 2006 U.S. Dist. LEXIS 40904, *15 (M.D. Fla. 2005). As explained above, there exists a written agreement that includes an arbitration provision that covers the dispute. Further, as evidenced by the existence of this lawsuit, there exists an arbitrable dispute between the parties. Moreover, counsel for Defendants have contacted Plaintiffs' counsel in writing and over the phone and have been unmistakably apprised that Plaintiffs refuse to voluntarily arbitrate the dispute. Therefore, the first two prongs above have been met.

Further, the parties have not waived their right to arbitration. "A waiver of the right to arbitration is appropriate where the court finds, after reviewing the 'totality of the circumstances' that a party 'has acted inconsistently with the arbitration right.'" *Lawrence v. Royal Caribbean Cruises, Ltd.*, Case No. 09-20930-CIV-COOKE/BANDSTRA, 2009 U.S. Dist. LEXIS 111570,

*6-7 (S.D. Fla. Oct. 6, 2009), *citing S&H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990). In *Lawrence*, the court found that the defendant had waived its right to arbitration after actively litigating the case in state court for seven months and then filing a notice of removal on the same date the state court entered its order setting the case for jury trial. In addition, the defendant and plaintiff in that case had served numerous discovery requests and defendant had filed a motion to dismiss which had since been resolved.

In the instant case, Defendant notified Plaintiffs' counsel of the dispute resolution policy within eight days of the Complaint being served on Defendants. In addition, initial disclosures are not due to be filed until June 1, 2010 and neither party has served discovery. Because the parties have not engaged in extensive litigation of Plaintiffs' claims, the parties have not waived the right to arbitrate Plaintiffs' claims. Therefore, the parties' dispute resolution policy is enforceable under federal and Florida law.

**B.      Plaintiffs' Claims Fall Within The Scope Of The Arbitration Agreement.**

The claims asserted by Plaintiffs fall squarely within the claims they agreed to arbitrate upon accepting employment with MasTec. Further, by agreeing to adhere to MasTec's Dispute Resolution Policy, Plaintiffs waived their right to bring a dispute as a class or collective action. *(See* Dispute Resolution Policy.) Accordingly, Plaintiffs' individual claims should be compelled to arbitration.

The Dispute Resolution Policy that Plaintiffs signed states that, *"[t]his Policy applies to any dispute arising out of or related to Employee's employment with the Company or termination of employment."* (Emphasis added.) The Policy continues, *"[t]he Policy also applies, without limitation, to disputes regarding the employment relationship,... compensation,... termination,... Fair Labor Standards Act,... and state statutes, if any, addressing*

the same or similar subject matters, and all other state statutory and common law claims." Plaintiffs were employed by MasTec, and each of the claims in Plaintiffs' Complaint plainly arises out of and is related to their employment with or termination from MasTec. Thus, each claim against Defendants is undisputedly arbitrable pursuant to the agreed-upon Dispute Resolution Policy.

      **C.**     **The Current Litigation Should Be Stayed While Arbitration Is Pending.**

     After determining that an issue is arbitrable, courts must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see Mora v. American Equity Mortgage., Inc.*, Case No. 6:09-cv-637-Orl-31KRS, 2009 U.S. Dist. LEXIS 53080, *7 (M.D. Fla. June 9. 2009) (staying case pending completion of arbitration proceedings); *Hudson Global Res. Mgmt.*, Case No. 8:05-CV-1446-T-27TBM, 2006 U.S. Dist. LEXIS 40904, *9 (M.D. Fla. July 19, 2006) ("The Act provides for a stay of proceedings in a federal district court when an issue raised in the proceeding is referable to arbitration."). As explained above, the issues presented in the present case are arbitrable. Thus, under Section 3 of the FAA, the Court should stay the proceedings, including discovery, pending the conclusion of arbitration. Absent a stay of the entire case pending the conclusion of arbitration, the Court should stay this action pending the Court's decision on the enforceability of the dispute resolution agreement between MasTec and Plaintiffs.

**IV.**    <u>**CONCLUSION**</u>

     As explained above, Plaintiffs should be bound by the Dispute Resolution Policy that they voluntarily entered. The Dispute Resolution Policy is valid and enforceable, and no waiver has occurred. Pursuant to Local Rule 3.01(g), counsel for Defendants conferred with Plaintiffs' counsel regarding the subject of this motion and Plaintiffs' counsel stated Plaintiffs oppose the

motion.  Thus, Defendants respectfully request that this Court,

(1) order Plaintiffs to pursue the claims contained in their Complaint in an arbitral forum on an individual basis within 30 days, if at all, and

(2)  stay this litigation until arbitration of Plaintiffs' claims has concluded.

Submitted this 11th day of May, 2010.

s/Lori A. Brown
Lori A. Brown, Esq.
Florida Bar No. 0846767
E-mail:  *lbrown@littler.com*

LITTLER MENDELSON, P. C.
One Biscayne Tower, Suite 1500
Two South Biscayne Blvd.
Miami, FL  33131
Telephone:  (305) 400-7500
Facsimile:  (305) 603-2552

*Pro Hac Vice Motions Pending*

Lisa A. Schreter, Esq.
Georgia Bar No. 629852
lschreter@littler.com
John T. Stembridge, Esq.
Georgia Bar No. 678605
jstembridge@littler.com

LITTLER MENDELSON, PC
3344 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia 30326-4803
Telephone:  404.233.0330
Facsimile:  404.233.2361

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2010, I electronically filed the foregoing document with the Clerk of the Court by CM/ECF which will automatically notify Plaintiffs' counsel as follows:

hlichten@llrlaw.com and Carla@caveylaw.com.


s/Lori A. Brown             
Lori A. Brown

Firmwide:95063873.1 046446.1113