UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATT DELANO, MITCHELL GOODSON,
TIM HINEFELT, TOM BANCROFT,
and all other persons similarly situated,**

**Plaintiffs,**
vs.                                                                      Case No. 8:10-CV-320-T-27MAP

**MASTEC, INC. and MASTEC NORTH
AMERICA, INC.,**

**Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Strike the Affidavit and Opt-In Consent Form of Darryl Barnes (Dkt. 62), to which Plaintiffs have responded (Dkt. 65). Upon consideration, the motion is DENIED.

Defendants argue that the affidavit of Darryl Barnes (Dkt. 44-1) should be stricken because it is unsworn and otherwise fails to comply with 28 U.S.C. § 1746.

"Mere submission of a document calling itself an *affidavit* does not make it an affidavit." *Bosch v. Title Max, Inc.*, No. CIV A 03-AR-0463-S, 2004 WL 5238128, at *1 (N.D. Ala. Aug. 25, 2004). An affidavit is "'[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public.'" *Tishcon Corp. v. Soundview Communciations, Inc.*, No. 1:04-CV-524-JEC, 2005 WL 6038743, at *3 (N.D. Ga. Feb. 15, 2005) (quoting Black's Law Dictionary 62 (8th ed. 1990)).[1] However, even if erroneously styled

---

[1] *See also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002) ("an 'affidavit' is required to be sworn to by the affiant in front of an 'officer authorized to administer oaths'") (quoting Black's Law Dictionary 54 (5th ed. 1979)).

an "affidavit," an unsworn declaration can have the force and effect of an affidavit if it is signed, dated, and includes language "in *substantially* the following form . . . 'I declare (or certify, verify, or state) under penalty of perjury . . . that the foregoing is true and correct. Executed on (date). (Signature).'" 28 U.S.C. § 1746 (emphasis added).[2] Although a party represented by counsel has little excuse for not using verbatim the language suggested by the Code, several courts have held that omission to state that the matters declared are "true and correct" is not fatal. *See LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham*, 185 F.3d 61, 65-66 (2d Cir. 1999) (unsworn letter dated and signed with the statement, "under penalty of perjury, I make the statements contained herein," satisfied the requirements of 28 U.S.C. § 1746); *Tishcon Corp.*, 2005 WL 6038743, at *3-4 (statement that counsel "hereby declares under penalties of perjury the following" was sufficient as it "signaled that [the declarant] understands the legal significance of his statements and the potential for punishment if he lies.").[3]

Barnes's "affidavit" is dated and subscribed "under the pains and penalties of perjury." (Dkt. 44-1). The document substantially complies with Section 1746.

Defendants further argue that Barnes's affidavit should based on the "sham affidavit" doctrine. Under that doctrine, a court may disregard as a sham an affidavit that contradicts a party's

---

[2] *See also West v. Higgins*, 346 F. App'x. 423, 426 (11th Cir. 2009) ("Federal law does provide an alternative to making a sworn statement, but requires that the statement include a handwritten averment, signed and dated, that the statement is true under the penalties of perjury.") (citing 28 U.S.C. § 1746); *Montgomery v. Ruxton Health Care, IX, LLC*, No. 3:06cv024, 2006 WL 3746145, at *2 (E.D. Va. Dec. 15, 2006) ("[U]nsworn declarations captioned as 'affidavits' may be considered for purposes of summary judgment so long as they satisfy the requirements of 28 U.S.C. § 1746.").

[3] *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300 (5th Cir. 1988), does not require a different result. In that case, the former Fifth Circuit rejected an "affidavit" that was "neither sworn *nor* its contents stated to be true and correct *nor* stated under penalty of perjury." *Id.* at 1305-06 (emphasis added). Its holding does not clearly imply the insufficiency of an affidavit that simply omits the "true and correct" statement. *See Tishcon Corp.*, 2005 WL 6038743, at *4 n.1. Indeed, the Second Circuit has construed the statement as implying the opposite conclusion. *See Worsham*, 185 F.3d at 66 n.2.

2

previous deposition testimony when the affidavit does not give any valid explanation for the contradiction. *See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue [and thus defeat a summary judgment motion] with an affidavit that merely contradicts, without explanation, previously given clear testimony".). However, "[t]his rule is applied sparingly because of the harsh effect it may have on a party's case." *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1316 (11th Cir. 2007). The court must "find some inherent inconsistency between an affidavit and a deposition before disregarding the affidavit." *Id.*

Defendants acknowledge that the "typical case" in which the doctrine is applied involves a conflict with previous deposition testimony. (Dkt. 62 at 10). Defendants seek to extend the doctrine to a conflict between Barnes's affidavit and (a) Barnes's obligations under a settlement agreement in a previous lawsuit, *Stahl v. MasTex, Inc.*, No. 8:05-cv-1265-T27TGW (M.D. Fla.) (the "*Stahl* lawsuit"), and (b) a printed certification on time sheets Barnes was required to submit during his subsequent employment at MasTac stating that the time sheets were accurate and that he had not been induced by any supervisor to under-report his hours.

Defendants cite no authority extending the sham affidavit doctrine to such a conflict and the rationale of the doctrine is inapplicable, particularly as the alleged conflict is (a) with a promise Barnes allegedly made in connection with the *Stahl* settlement (which is not a statement of existing fact at all) and (b) with unsworn statements Barnes allegedly made outside this litigation.

Defendants also argue that, under its inherent authority to sanction litigants for bad-faith abuse of the judicial process, the Court should strike Barnes's affidavit (as well as his opt-in consent

form [Dkt. 31-1 at 2]) as a sanction for submitting "material misrepresentations in a sworn document filed with this court." (Dkt. 62 at 14). However, Defendants do not show that Barnes has committed perjury. Defendants rely on the alleged conflict between (1) Barnes's averment that he frequently worked more than forty hours per week but was not paid overtime in part because his supervisors directed him to change his times sheets to show he had worked only forty hours per week and told him to work elsewhere if he wanted to report more than forty hours with (2) the printed statement on Barnes's time sheets that he reported all hours worked and had not been induced by any supervisor to under-report his hours. Even if not easily explained on the basis of Allen's affidavit as a whole and the allegations of the Complaint, the alleged conflict does not demonstrate perjury.

Accordingly, Defendants' Motion to Strike the Affidavit and Opt-In Consent Form of Darryl Barnes (Dkt. 62), is **DENIED**.

**DONE AND ORDERED** in chambers this 22nd day of April, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record