## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("AGREEMENT") is entered into by and between Matthew Delano ("PLAINTIFF") and MasTec, Inc. ("MASTEC").

## RECITALS

This AGREEMENT is made with reference to the following facts:

A. **WHEREAS**, PLAINTIFF is a PLAINTIFF in the lawsuit filed against MASTEC that is currently pending in the United States District Court for the Middle District of Florida and styled as <u>Matt Delano v. MasTec, Inc. et al.</u>, Case No. 8:10-cv-320-JDW-MAP (M.D. Fla) (the "LAWSUIT"); and,

B. **WHEREAS**, PLAINTIFF has alleged in the LAWSUIT that MASTEC has failed to pay him certain overtime and/or minimum wages to which he alleges he is entitled under the Fair Labor Standards Act,, 29 U.S.C. § 201, *et seq.*; and,

C. **WHEREAS**, MASTEC denies the validity of PLAINTIFF's claims and denies that it is subject to any liability; and,

D. **WHEREAS**, the Parties wish to settle their differences without resort to further litigation; and,

E. **WHEREAS**, MASTEC is willing to provide PLAINTIFF with certain considerations described below, provided PLAINTIFF dismisses the LAWSUIT with prejudice, releases MASTEC from any claims PLAINTIFF has made or might make arising out of his employment with MASTEC, and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the terms:

    A. "MASTEC" shall include the following:

    (i) MasTec, Inc., as well as its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations; and,

(ii) the officers, directors, trustees, insurers, shareholders, partners, current and former employees, attorneys and agents, past and present, of each of the aforesaid entities of any entity encompassed by subparagraph (A).

3. **Settlement Sum:** As consideration for PLAINTIFF signing this AGREEMENT and compliance with the promises made herein, MASTEC agrees to pay a total of TEN THOUSAND THREE HUNDRED DOLLARS AND 00/100 CENTS ($10,300.00), less lawful deductions, as follows:

   a. MASTEC shall issue payment in the amount of Three Thousand Five Hundred Dollars and 00/100 Cents ($3,500.00), less applicable taxes and deductions, payable to PLAINTIFF. This payment shall be characterized as back wages, and MASTEC will issue PLAINTIFF an IRS form W-2; and,

   b. MASTEC shall issue payment in the amount of Three Thousand Five Hundred Dollars and 00/100 Cents ($3,500.00) payable to PLAINTIFF. This amount shall be characterized as liquidated damages, and MASTEC will issue PLAINTIFF an IRS Form 1099; and,

   c. MASTEC shall issue payment in the amount of Three Thousand Three Hundred Dollars and 00/100 Cents ($3,300.00) payable to Lichten & Liss-Riordan, P.C., Tax Identification Number 26-0529467 for fees and costs, and shall issue the appropriate IRS Forms 1099 to Lichten & Liss-Riordan, P.C.

   d. MASTEC shall provide the consideration identified in this paragraph 3 after receiving all of the following items: (1) a facsimile of this AGREEMENT appropriately signed and dated by PLAINTIFF; (2) a completed IRS form W-9 signed and dated by PLAINTIFF; (3) and an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against MASTEC in the matter of Matt Delano v. MasTec, Inc., et al., Case No. 8:10-cv-320-JDW-MAP, currently pending in the United States District Court for the Middle District of Florida. This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after MASTEC has received items (1), (2) and (3) above). PLAINTIFF shall also provide a signed original of the AGREEMENT for execution by MASTEC's representative. PLAINTIFF will be provided with a copy of the fully executed AGREEMENT.

   e. MASTEC shall mail to Lichten & Liss-Riordan, P.C. the payments listed above within fourteen calendar (14) days of the Effective Date of this AGREEMENT.

2

4. **Consideration:** PLAINTIFF understands and agrees that he would not receive the monies and/or benefits specified in paragraph 3 above, but for his execution of this AGREEMENT and the fulfillment of the promises contained herein.

5. **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, PLAINTIFF agrees to the dismissal with prejudice of the LAWSUIT filed against MASTEC (and any other claims or assertions of liability that may exist relating directly or indirectly to the allegations in the LAWSUIT). In addition, PLAINTIFF, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges MASTEC of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that PLAINTIFF may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the LAWSUIT. PLAINTIFF further covenants and agrees not to accept, recover or receive any back pay, liquidated damages, other damages or any form of relief based upon any claims asserted or settled in this LAWSUIT that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any state or local governmental agency against MASTEC. Finally, the above release excludes any other claim which cannot be released by private agreement with Court supervision.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT; nor shall any provision of this AGREEMENT be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

6. **Tax Liability:** PLAINTIFF understands that MASTEC shall issue IRS Form 1099s for the payments specified in paragraphs 3(b) and (c) of this AGREEMENT, that are not subject to withholding. In paying the amount specified in paragraphs 3(b) and (c), MASTEC makes no representation regarding the tax consequences or liability arising from said payments. PLAINTIFF understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due. MASTEC has no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in paragraphs 3(a), (b) and (c) of this AGREEMENT). PLAINTIFF agrees to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums. PLAINTIFF further agrees to hold MASTEC harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event MASTEC receives written notice that any claim or

assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against MASTEC, MASTEC shall promptly, after receipt of such written notice, notify PLAINTIFF by letter sent to counsel for PLAINTIFF.

7. **Affirmations:** PLAINTIFF represents and affirms that, other than the LAWSUIT referenced herein, he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against MASTEC with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. PLAINTIFF further represents and affirms as a material term of this AGREEMENT that, except with respect to the claims asserted in the LAWSUIT that are being settled through this Agreement, he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this AGREEMENT.

8. **No Further Employment:** PLAINTIFF acknowledges that his employment with MASTEC ended effective on, or about, June 16, 2009. PLAINTIFF permanently, unequivocally, and unconditionally waives any and all rights PLAINTIFF may now have, may have had in the past, or may have in the future to obtain or resume employment with MASTEC, and for a period of twelve (12) months from the effective date of this agreement, with any firm that services and/or installs for DirecTV customers. PLAINTIFF agrees never to apply for employment with MASTEC. In the event that PLAINTIFF is ever mistakenly employed by MASTEC, PLAINTIFF agrees to have his employment terminated with no resulting claim or cause of action against MASTEC, its parent, successors, affiliates, and/or subsidiaries.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10. **Non-disparagement:** PLAINTIFF agrees not to make any written or oral statement about MASTEC which PLAINTIFF knows or reasonably should know to be untrue and agrees not to make any disparaging or negative statement about MASTEC with the intent to injure or harm MASTEC. Nothing in this AGREEMENT shall prevent PLAINTIFF from providing truthful information, if required by law. PLAINTIFF's non-disparagement obligation is a material term of this AGREEMENT.

11. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the State of Florida.

12. **No Admission of Liability:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by MASTEC of any liability or unlawful conduct of any kind.

13. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

14. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. PLAINTIFF agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The Parties acknowledge that only the General Counsel of MASTEC has the authority to modify this AGREEMENT on behalf of MASTEC.

15. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT. If any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT.

    To the extent that any general release or dismissal in this AGREEMENT is deemed to be illegal, invalid, or unenforceable, PLAINTIFF agrees to execute a valid full and final release of equal scope, covering any and all claims in favor of MASTEC in exchange for the payments set forth in paragraph 3 of this AGREEMENT in the event such payments have not already been made, in order to effectuate a dismissal with prejudice of his LAWSUIT filed against MASTEC.

16. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

17. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of MASTEC to PLAINTIFF, except that it shall not supersede any agreement related to confidential and proprietary information, inventions, patents and copyrightable works. PLAINTIFF acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

18. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

Dated:_____   By:_____
                                   MASTEC

Dated: Jan. 30th 2012   By: Matthew DeJano
                            PLAINTIFF